PETER J. HEUSER v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

November 9, 1917.

No. 20,543.

**Trial — permitting leading questions.**

1. Leading questions are largely in the sound discretion of the trial court, and in the instant case there was no abuse of such discretion.

**Same — amendment of pleading.**

2. Amendment of a pleading during the trial, rests largely in the discretion of the trial court.

**Attorney and client — offer to prove solicitation of case by layman inadmissible.**

3. An offer to prove that a case came to an attorney at law through the solicitation of a layman, not admissible under the pleadings.

**Evidence — record of proceedings in Nebraska court inadmissible.**

4. A transcript of proceedings in the district court in the state of Nebraska, where, defendant claims, the contract forming the basis of the cause of action in the present case was adjudicated, was properly rejected upon the ground that the Nebraska court did not pass upon the same contract.

**Evidence sustained directed verdict.**

5. *Held*, under the evidence, that the trial court was warranted in directing a verdict in favor of intervener.

Action in the district court for Hennepin county to recover $25,000 for injuries received while in defendant's employ. The case was dismissed by plaintiff in person. George C. Stiles, attorney for plaintiff, thereafter moved to vacate the dismissal of the action, to the extent neces-

[1]Reported in 164 N. W. 984.

sary to enable him to obtain the relief sought by him, and to reinstate the case upon the calendar for the purpose of entitling him to recover $2,500 against defendant for his fees and compensation for services rendered the plaintiff in the action, for which sum he claimed a lien. The facts are stated in the opinion. The motion was heard by Hale, J., who ordered that he be made a party to the action and be permitted to intervene therein. He filed a complaint in intervention to which defendant made answer. The matter was tried before the same judge, who directed a verdict in favor of intervener for $2,289.37. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Barrows & Stewart,* for appellant.

*Brooks & Jamison* and *D. C. Edwards,* for respondent.

QUINN, J.

On March 7, 1916, the plaintiff, while in the employ of defendant in the state of Nebraska, met with an accident which later necessitated the amputation of his arm. The circumstance gave rise to a cause of action against the defendant. He employed the intervener to commence and prosecute an action for him against the defendant to recover damages, the suit to be commenced in Hennepin county, this state. The agreement was reduced to writing and in the following terms:

"Minneapolis, Minn. May 31st, 1916.

"I hereby retain and employ George C. Stiles, as attorney at law, to bring suit and represent me in prosecution and recovery of my claim against the C. B. & Q. Railway Company, for damages arising from personal injuries received by me through the negligence of that company on the 7th day of March, 1916, and agree to pay him a sum equal to one-fourth of the amount finally recovered from said Railway Company by me, either by suit or by settlement, but no settlement of said claim shall be made without first securing my consent thereto.

Peter J. Heuser, Claimant.

I hereby accept the above claim and cause of action and agree to prosecute the same to settlement or judgment, on the terms above set forth.

George C. Stiles."

Subsequently suit was brought and issue joined in the usual way. While the case was upon the calendar awaiting trial, defendant, without notice to intervener, settled the cause of action and paid to plaintiff $9,000 as damages. On November 10, 1916, the plaintiff filed a dismissal of the action with the clerk of the court, but the dismissal was not entered in the clerk's register. Upon an order to show cause, the court allowed the plaintiff's attorney to intervene and have his right to a lien for attorney's fees and the amount thereof determined, and directed issues to be framed accordingly. Issues were so framed and the case came on for trial before the court and a jury. At the close of the testimony the trial court directed a verdict, in favor of the intervener, for $2,250 and interest from the date of settlement.

Upon the trial defendant offered to prove that the case came to intervener through the solicitation of a layman employed by him for that purpose, who was to receive for his services a share of the proceeds. There was no allegation in defendant's answer of the facts sought to be proved, and an objection to the proof upon that ground was sustained. The defendant then asked permission to amend its answer by setting up the facts sought to be proved, which, upon objection, was denied. The defendant also offered in evidence the authenticated files of the district court of Lancaster county, Nebraska, which court the defendant claimed had adjudicated the contract on which intervener's employment by plaintiff was based. The court sustained an objection to the offer, holding that the Nebraska court did not pass upon the contract on which the intervener's claim of lien was predicated, but upon an entirely different contract. From an order denying its motion for a new trial, defendant appealed.

With reference to appellant's second and third assignments of error relating to the rulings of the trial court on leading questions, but brief mention is required. Leading questions are largely in the sound discretion of the trial court, and in the instant case we discover no abuse of such discretion. There is no merit in the objection that the questions referred to called for a conclusion.

The ruling of the trial court upon defendant's motion to amend its answer is made the basis of the fourth assignment of error. The proposed amendment was objected to upon the ground of legal surprise, and the

objection was sustained. The amendment was a discretionary matter. 2 Dunnell, Minn. Dig. § 7707, and cases cited.

The offer to prove that the case came to the intervener through the solicitation of a layman, was not admissible under the pleadings. The allegation in the answer was to the effect that the intervener entered into some pretended agreement with the plaintiff, in reference to the prosecution of the action, but that such contract was champertous, null and void, and was to be performed in the state of Nebraska. At best this allegation was but a legal conclusion and insufficient to permit of the testimony offered.

The plaintiff resided in the state of Nebraska. Intervener is a practicing lawyer and resides in Minneapolis, and has never been in the state of Nebraska. In August, 1916, the defendant commenced an action in the district court of Lancaster county, Nebraska, against the plaintiff and intervener, to enjoin them from further prosecuting this case, and to have the contract of employment referred to in its petition in the Nebraska case declared null and void. The summons in that case was served upon intervener by publication only. The only contract of employment referred to in the petition provided for payment to intervener of 40 per cent of the amount of recovery and he was to finance the litigation. The court's order limited the adjudication to the contract referred to in the petition. It is clear that the court did not have jurisdiction of the intervener so as to determine his contractual rights with respect to any contract. All matters passed upon were determined upon the petition and the stipulation of Heuser and the railway company. There was no testimony offered. The contract constituting the basis of the present action was executed in the office of the intervener in Minneapolis, on May 31, 1916. It provided for payment to intervener of 25 per cent of the amount recovered, and not 40 per cent, as did the one referred to in the Nebraska case, and it contained no provision for the intervener to finance the litigation. We think the court below was right in holding that the Nebraska court did not pass upon the contract here in question, and that the transcript was immaterial and properly rejected. It is argued that the cause of action being one arising under the Federal Employers' Liability Act, the attorney's lien given by the state statute does not apply. This contention has been settled adversely to

138 M—19

appellant, by this court, in Holloway v. Dickinson, 137 Minn. 410, 163 N. W. 791.

We are of the opinion that the defendant had a full and fair hearing in the court below under the issues as framed, that there was no prejudicial error, and that the court was right in directing a verdict as it did.

Affirmed.